IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI and BENJAMIN BOMER, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| UNLIMITED POWER LTD. and CHRISTOPHER J. PETRELLA, | ) ) ) ) |
| Defendants. | ) ) |
| v. | ) ) |
| UNLIMITED POWER LTD. and CHRISTOPHER J. PETRELLA, | ) ) ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| v. | ) ) |
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI, BENJAMIN BOMER, and EDWARD PRATHER, | ) ) ) ) |
| Counterclaim-Defendants. | ) |

Case No.: 1:19-cv-00009-MR

## AMENDED REPLY TO COUNTERCLAIMS

Plaintiffs and Counterclaim Defendants Nexus Technologies, Inc. ("Nexus"), Daniel Conti, Benjamin Bomer, and Edward Prather (collectively

1

"Plaintiffs/Counterclaim Defendants") respectfully submit this Amended Reply to Defendants' Counterclaims.

## RESPONSE TO ALLEGED FACTS SUPPORTING COUNTERCLAIMS

1. Admitted.

2. Denied.

3. Admitted.

4. Denied.

5. Admitted.

6. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the allegations of Paragraph 6, and thus deny same.

7. Plaintiffs/Counterclaim Defendants admit that Mr. Petrella sought Nexus's assistance in developing and manufacturing a portable renewable energy system. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the remaining allegations of Paragraph 7, and thus deny same.

8. Plaintiffs/Counterclaim Defendants admit that Mr. Petrella sought Nexus's assistance in developing and manufacturing a portable renewable energy system. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the remaining allegations of Paragraph 8, and thus deny same.

9. Plaintiffs/Counterclaim Defendants admit that Mr. Petrella met with Mr. Conti at Nexus's headquarters in or around January 2013. Plaintiffs/Counterclaim Defendants deny the remaining allegations of Paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Plaintiffs/Counterclaim Defendants admit that Nexus created the PREPS proposal. Otherwise, denied.

14. Denied.

15. Denied.

16. Denied.

17. Plaintiffs/Counterclaim Defendants admit that Nexus inadvertently marked the PREPS proposal as being created in 2012.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

3

24. Plaintiffs/Counterclaim Defendants admit that after they provided the PREPS proposal to Defendants, Mr. Petrella was unable to secure funding necessary to pay Nexus for the engineering and development of a prototype and subsequent manufacture of a portable renewable energy system despite providing repeated assurances that such funding would be forthcoming. An agreement was thus never consummated. Except as expressly admitted, denied.

25. Plaintiffs/Counterclaim Defendants admit that Mr. Conti and Mr. Petrella entered into discussions (at Mr. Petrella's suggestion) about the possibility of Unlimited Power, with the aid of a funding source, purchasing Nexus. Except as expressly admitted, denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Plaintiffs/Counterclaim Defendants admit that the business plan detailed projected revenue, costs, gross profits, overhead/expenses, net operating

4

income, and EBITDA, beginning in 2015. The projections starting in 2015 were for Nexus's existing products. Projections for subsequent periods involving potential development and sales of a portable renewable energy system were dependent upon funding that Mr. Petrella continually failed to deliver. Except as expressly admitted, denied.

35. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the allegations of Paragraph 35, and thus deny same.

36. Plaintiffs/Counterclaim Defendants admit that at some point Mr. Conti had access to a drop box repository provided by Unlimited Power. Plaintiffs/Counterclaim Defendants have insufficient information to determine what patent applications may have been in the drop box repository, and when they were in that repository.

37. Denied.

38. Denied.

39. Plaintiffs/Counterclaim Defendants admit that for some period of time Mr. Petrella was provided office space at Nexus. Except as expressly admitted, denied.

40. Plaintiffs/Counterclaim Defendants admit that for some period of time Nexus treated Unlimited Power as a potential customer. Except as expressly admitted, denied.

41. Denied.

42. Denied.

43. Plaintiffs/Counterclaim Defendants admit that Nexus and Unlimited Power discussed as one option the concept of Nexus recouping design and manufacturing costs through sales of a portable renewable energy system to Unlimited Power, but that was never agreed upon. Except as expressly admitted, denied.

44. Plaintiffs/Counterclaim Defendants admit that Nexus and Unlimited Power discussed as an option Nexus manufacturing a portable renewable energy system and selling it to Unlimited Power, which would sell the system to end customers. Except as expressly admitted, denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Plaintiffs/Counterclaim Defendants admit that merger or acquisition negotiations between the parties broke down. Except as expressly admitted, denied.

6

53. Denied.

54. Denied.

55. Denied.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Admitted.

75. Denied.

76. Denied.

77. Admitted.

78. Admitted.

79. Denied.

80. Denied.

81. Denied.

82. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the allegations of Paragraph 82, and thus deny same.

83. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the allegations of Paragraph 83, and thus deny same.

84. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the allegations of Paragraph 84, and thus deny same.

85. Plaintiffs/Counterclaim Defendants have insufficient information to determine the truth of the allegations of Paragraph 85, and thus deny same.

**FIRST COUNTERCLAIM – NEGLIGENT MISREPRESENTATION**

110. No response is required as this counterclaim has been dismissed by the Court.

111. No response is required as this counterclaim has been dismissed by the Court.

112. No response is required as this counterclaim has been dismissed by the Court.

113. No response is required as this counterclaim has been dismissed by the Court.

114. No response is required as this counterclaim has been dismissed by the Court.

115. No response is required as this counterclaim has been dismissed by the Court.

116. No response is required as this counterclaim has been dismissed by the Court.

117. No response is required as this counterclaim has been dismissed by the Court.

118. No response is required as this counterclaim has been dismissed by the Court.

119. No response is required as this counterclaim has been dismissed by the Court.

120. No response is required as this counterclaim has been dismissed by the Court.

121. No response is required as this counterclaim has been dismissed by the Court.

## SECOND COUNTERCLAIM – BREACH OF CONTRACT

122. Plaintiffs/Counterclaim Defendants re-allege and incorporate herein by reference the above responses.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

## THIRD COUNTERCLAIM – UNJUST ENRICHMENT/QUANTUM MERUIT

131. Plaintiffs/Counterclaim Defendants re-allege and incorporate herein by reference the above responses.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

## FOURTH COUNTERCLAIM - CONVERSION

142. Plaintiffs/Counterclaim Defendants re-allege and incorporate herein by reference the above responses.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## FIFTH COUNTERCLAIM – CONSTRUCTIVE FRAUD

147. No response is required as this counterclaim has been dismissed by the Court.

148. No response is required as this counterclaim has been dismissed by the Court.

149. No response is required as this counterclaim has been dismissed by the Court.

150. No response is required as this counterclaim has been dismissed by the Court.

151. No response is required as this counterclaim has been dismissed by the Court.

152. No response is required as this counterclaim has been dismissed by the Court.

153. No response is required as this counterclaim has been dismissed by the Court.

154. No response is required as this counterclaim has been dismissed by the Court.

155. No response is required as this counterclaim has been dismissed by the Court.

156. No response is required as this counterclaim has been dismissed by the Court.

157. No response is required as this counterclaim has been dismissed by the Court.

158. No response is required as this counterclaim has been dismissed by the Court.

159. No response is required as this counterclaim has been dismissed by the Court.

160. No response is required as this counterclaim has been dismissed by the Court.

161. No response is required as this counterclaim has been dismissed by the Court.

## **SIXTH COUNTERCLAIIM – UNFAIR TRADE PRACTICES**

162. Plaintiffs/Counterclaim Defendants re-allege and incorporate herein by reference the above responses.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

## **SEVENTH COUNTERCLAIM – CIVIL CONSPIRACY**

170. No response is required as this counterclaim has been dismissed by the Court.

171. No response is required as this counterclaim has been dismissed by the Court.

172. No response is required as this counterclaim has been dismissed by the Court.

173. No response is required as this counterclaim has been dismissed by the Court.

174. No response is required as this counterclaim has been dismissed by the Court.

175. No response is required as this counterclaim has been dismissed by the Court.

176. No response is required as this counterclaim has been dismissed by the Court.

177. No response is required as this counterclaim has been dismissed by the Court.

178. No response is required as this counterclaim has been dismissed by the Court.

179. No response is required as this counterclaim has been dismissed by the Court.

180. No response is required as this counterclaim has been dismissed by the Court.

## **FIRST AFFIRMATIVE DEFENSE**

Defendants' counterclaims are barred by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

One or more of Defendants' counterclaims are preempted by federal patent law.

## FOURTH AFFIRMATIVE DEFENSE

One or more of Defendants' counterclaims fail for lack of standing.

## FIFTH AFFIRMATIVE DEFENSE

One or more of Defendants' counterclaims fail for Defendants' inability to prove damages beyond any purported damages for patent infringement.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' counterclaim for unfair trade practices fails for Defendants' inability to prove any substantial aggravating circumstances beyond the actions that constitute Plaintiffs/Counterclaim Defendants' purported breach of contract.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' unjust enrichment and conversion counterclaims fail for Defendants' inability to prove that Plaintiffs/Counterclaim Defendants misappropriated, or are being unjustly enriched by, technical or design information beyond information contained in patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Counterclaim Defendants request that:

1. Defendants have and recover nothing on their counterclaims.

2. The Court award Plaintiffs/Counterclaim Defendants costs and fees as applicable incurred in responding to and defending against Defendants' counterclaims.

3. The Court award Plaintiffs/Counterclaim Defendants such other relief as it deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs/Counterclaim Defendants request a jury trial on all cause of action and claims to which they have a right to a jury trial.

This the 24th day of October, 2019.

/s/ John F. Morrow, Jr.
John F. Morrow, Jr., N.C.S.B. No. 23382
Ana J. Friedman, N.C.S.B. No. 53117
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina  27101
Phone:  336.721.3584
Fax:     336.733.8429
john.morrow@wbd-us.com
ana.friedman@wbd-us.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court using the CM/ECF filing system, which will send a notice of the filing to all counsel of record.

Dated: October 24, 2019

/s/ *John F. Morrow, Jr.*
John F. Morrow, Jr., N.C.S.B. No. 23382
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: 336.721.3584
Fax: 336.733.8429
john.morrow@wbd-us.com


*Attorneys for Plaintiffs/Counterclaim Defendants*