| | |
|---|---|
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI, and BENJAMIN BONER, <br><br> Plaintiffs, <br><br> vs. <br><br> UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, <br><br> Defendants, <br><br>———————————————— <br><br> UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, <br><br> Counterclaim-Plaintiffs, <br><br> vs. <br><br> NEXUS TECHNOLOGIES, INC., DANIEL CONTI, BENJAMIN BONER, and EDWARD PRATHER, <br><br> Counterclaim-Defendants. <br><br>———————————————— | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Motion for Entry of Consent Protective Order [Doc. 31].

The parties have submitted a proposed Consent Protective Order to be entered in order to protect confidential and proprietary information in the parties' possession that has been or will be produced in the course of discovery. Paragraph 8(b) of the proposed Consent Protective Order seeks the imposition of a patent prosecution bar. Specifically, that paragraph provides as follows:

> During the pendency of this case, including any appeals, and for two years after its conclusion, any recipient of "HIGHLY CONFIDENTIAL — PROSECUTION BAR" information, documents and/or other materials shall not participate in, aide in, advise, or counsel the drafting of the disclosure (written description or drawings) or claim language in connection with the preparation, filing, and/or prosecution of a patent application in any country concerning portable renewable energy systems or otherwise the non-public, technical product features, information and/or other things disclosed in the materials or documents designated "HIGHLY CONFIDENTIAL — PROSECUTION BAR." The scope of this Prosecution Bar includes any and all continuations, continuations in part, divisionals, reissues, and interferences. The scope also applies to counsel proposing or prosecuting on behalf of a patent owner claim amendments or new claims in ex parte reexaminations, and motions to amend in post-grant reviews, and inter partes reviews concerning such patent applications or patents (including, but not limited to, the patents-in-suit) that issue from such applications. Nothing in this paragraph, however, prevents any counsel from making claim amendments or motions to amend in an ex parte reexamination, post-grant review, or inter partes

> review before such counsel has viewed information designated as HIGHLY CONFIDENTIAL — PROSECUTION BAR. Additionally, nothing in this paragraph applies to claims that were previously granted, and thus it does not prevent any counsel from representing a client with respect to such claims in an ex parte reexamination, post-grant review, or inter partes review — provided such claims are not being amended as set forth above.

[Doc. 31-1 at 18-19].

"In evaluating whether to grant a patent prosecution bar, a court must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO." In re Deutsche Bank Tr. Co. Americas, 605 F.3d 1373, 1381 (Fed. Cir. 2010). Additionally, a party seeking imposition of a patent prosecution bar must show that "the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." Id.; see also MedImmune, Inc. v. Centocor, Inc., 271 F. Supp. 2d 762, 775 n.14 (D. Md. 2003) (refusing to issue patent prosecution bar order when, *inter alia*, there had been no showing that patent counsel was currently prosecuting patents in the same subject matter of the litigation). The parties' proposed Consent Protective Order fails to address any of these factors. Accordingly, the Court will direct the parties to submit additional briefs addressing the

applicability of these factors so that the Court can determine whether a patent prosecution bar order is appropriate and necessary in this case.

Additionally, the Court notes that the North Carolina Rules of Professional Conduct generally prohibit a lawyer from entering into an agreement which restricts that lawyer's right to practice. <u>See</u> N.C. R. Prof. Conduct 5.6. The parties shall address in their supplemental briefs whether the proposed prosecution bar order runs afoul of this ethical requirement.

Finally, the parties shall address in their supplemental briefs whether they have any objections to the following modifications of the proposed Consent Protective Order:

(1) Page 14: Including a subsection (h) to Paragraph 7.2 which reads: "any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order";

(2) Page 14: Including at the end of Paragraph 7.3(a) the following language: "and who have signed the 'Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A";

(4) Page 16: Inclusion of the text of footnote 1 in the body of Paragraph 7.4(a);

(5) Page 22: Inclusion of the text of footnote 2 in the body of Paragraph 10(c); and

(6) Page 24: Inclusion of the text of footnote 3 in the body of Paragraph 11(c).

**IT IS, THEREFORE, ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall submit supplemental briefs, not exceeding ten (10) pages in length, addressing the issues identified herein.

**IT IS SO ORDERED.**

Signed: April 29, 2020

Martin Reidinger
United States District Judge