# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:19-cv-00009-MR

| | |
|---|---|
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI, and BENJAMIN BOMER, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, )<br><br>Defendants, )<br>_____ )<br>UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, )<br><br>Counterclaim-Plaintiffs, )<br><br>vs. )<br><br>NEXUS TECHNOLOGIES, INC., DANIEL CONTI, BENJAMIN BOMER, and EDWARD PRATHER, )<br><br>Counterclaim-Defendants. )<br>_____ ) | **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that the following confidentiality provisions will govern all information and documents disclosed through discovery in this action:

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 14.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Local Civil Rule 6.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and

2

House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR."

2.5     Disclosures or Discovery Material: all items, testimony, or information, regardless of the medium or manner in which it is generated, stored, provided, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as a testifying expert witness or as a non-testifying expert consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES    ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3

2.8 <u>"HIGHLY CONFIDENTIAL – PROSECUTION BAR" Information or Items:</u> extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, schematics, CAD documents, or other technical information that define or otherwise describe the technical design and operation of the Parties' respective portable renewable energy systems, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12 <u>Party</u>: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of

4

Record (and their support staffs).

2.13  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR."

2.16  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order **do not** cover

5

the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court shall retain jurisdiction over all Parties bound hereby for the purposes of this Protective Order. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension

6

of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, such Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

7

designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY."

After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which

8

documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR") to each page that contains Protected Material.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, portions of depositions shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" only if designated as such when the deposition is taken or within fifteen (15) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

(c)     For information produced in some form other than documentary and for any and all other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of

9

protection being asserted.

5.3 <u>Inadvertent Failures to Designate Confidentiality.</u> If corrected within ten (10) business days of a party's inadvertent failure to designate, an inadvertent failure to designate qualified information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction within ten business days of discovery of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

Any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" designation is subject to challenge. The following procedures shall apply to any such challenge:

(a) The burden of proving the necessity of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" designation remains with the Party asserting confidentiality.

(b) Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 within 21 days of the initial

notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

(d)      Notwithstanding any challenge to the designation of documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR," all material previously designated shall continue to be treated as subject to the full

protections of this Order until one of the following occurs:

(1) the Party who claims that the documents are "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" withdraws such designation in writing;

(2) the Party who claims that the documents are "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" fails to move timely for an Order designating the documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as set forth in paragraph 6(c) above; Or

(3) the Court rules that the documents should no longer be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR."

(e)     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL" to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary for this litigation to disclose the information, and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House

14

Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **<u>unless otherwise agreed by the Designating Party or ordered by the Court</u>**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the  court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(g)     the author or recipient of a document containing the information,

or a custodian or other person who otherwise possessed or knew the information; and

(h)     Any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to Section 8 (Prosecution Bar) below, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" to:

(a)      the Receiving Party's Outside Counsel of Record in this action (subject to the restrictions set forth in Section 8 below), as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and whom have signed the Acknowledgment and Agreement to be Bound attached hereto as Exhibit A;

(b)     Outside Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or can demonstrate that she or he knew the information; and

(f)     any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" Information or Items to Consultants or Experts</u>.

(a)     Unless otherwise ordered by the Court or agreed to in writing by

the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" to: pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with any litigation at any time during the preceding five years, and (6) identifies (by name and case number, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide

whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the

19

matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROSECUTION BAR

A Designating Party may designate as HIGHLY CONFIDENTIAL —— PROSECUTION BAR, in whole or in part, any material which is to be disclosed or produced in this action and which the Designating Party believes in good faith contains highly confidential technical or design information regarding portable renewable energy products, processes and/or technologies which are not known to the public and cannot readily be determined from public information, and which is so commercially sensitive or confidential that disclosure to persons who are involved in efforts to prosecute additional intellectual property rights for the Receiving Party, would have the effect of causing harm to the competitive commercial position of the Designating Party. The marking shall state "HIGHLY CONFIDENTIAL

— PROSECUTION BAR" or other similar legend, along with a designation identifying the Designating Party.

(a) Access to material designated HIGHLY CONFIDENTIAL — PROSECUTION BAR under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, or other paper that contains, reveals, or refers to material so designated, shall be limited to the persons and circumstances identified above and as further restricted below.

(b) During the pendency of this case, including any appeals, and for two years after its conclusion, any recipient of "HIGHLY CONFIDENTIAL — PROSECUTION BAR" information, documents and/or other materials shall not participate in, aide in, advise, or counsel the drafting of the disclosure (written description or drawings) or claim language in connection with the preparation, filing, and/or prosecution of a patent application in any country concerning portable renewable energy systems or information and/or other things disclosed in the materials or documents designated "HIGHLY CONFIDENTIAL — PROSECUTION BAR." The scope of this Prosecution Bar includes any and all continuations, continuations in part, divisionals, reissues, and interferences. The scope also applies to counsel proposing or prosecuting on behalf of a patent owner claim amendments or new claims in ex parte reexaminations, and motions to amend in post-grant reviews, and

21

inter partes reviews concerning such patent applications or patents (including, but not limited to, the patents-in-suit) that issue from such applications. Nothing in this paragraph, however, prevents any counsel from making claim amendments or motions to amend in an ex parte reexamination, post-grant review, or inter partes review before such counsel has viewed information designated as HIGHLY CONFIDENTIAL — PROSECUTION BAR. Additionally, nothing in this paragraph applies to claims that were previously granted, and thus it does not prevent any counsel from representing a client with respect to such claims in an ex parte reexamination, post-grant review, or inter partes review — provided such claims are not being amended as set forth above.

(c) Each party shall designate an individual among outside counsel team or specified email address for service of materials designated as HIGHLY CONFIDENTIAL — PROSECUTION BAR. To the extent any other individuals are served with any materials designated as HIGHLY CONFIDENTIAL — PROSECUTION BAR, the provision of this paragraph shall not apply to the improperly served materials and any person who viewed improperly served materials is not subject to the bar merely by having viewed such improperly served materials.

9.    SOURCE CODE

(a)    The Parties do not agree or acquiesce to producing source code. However, if the Court determines that source code is required to be produced or if the Parties otherwise agree to produce source code, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – PROSECUTION BAR" if it comprises or includes confidential, proprietary or trade secret source code related to portable renewable energy systems. Such source code shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information and the Proseuction Bar set forth in section 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information may be disclosed, as set forth in Paragraph 7.3.

(b)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at a location designated by the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any

23

recordable media or recordable device. The Receiving Party shall not bring into the secured room any recordable media, recordable device, cell phone, smart phone, personal data assistant, laptop, or other electronic or mechanical device capable of recording or transmitting information in the secured room. Nothing shall prohibit the Receiving Party from taking notes on paper (other than printed source code) during the review, provided that the notes are descriptive in nature and do not merely reproduce exact copies of multiple contiguous lines of source code. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(c)     The Receiving Party may request paper copies of limited portions of source code, but in no case exceeding 30 contiguous pages or 200 pages total, that are reasonably necessary for use in court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code. The Producing Party shall provide printed source code in a form that includes bates numbers and the label "HIGHLY CONFIDENTIAL – PROSECUTION BAR" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as appropriate.

(d)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, including the name of the individual and the date and time of inspection, and whether any paper copies of portions of source code were provided. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary for inclusion (as exhibit or excerpt) in court filings, pleadings, or other papers (including a testifying expert's expert report) or (2) necessary for use in deposition or (limited to file/path and/or function/module names) in correspondence with Counsel for the Producing Party. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

10.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL  –

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
PROSECUTION BAR" that Party must:

(a)    promptly notify in writing the Designating Party. Such
notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or
order to issue in the other litigation that some or all of the material covered
by the subpoena or order is subject to this Protective Order. Such notification
shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to
be pursued by the Designating Party whose Protected Material may be
affected.

If the Designating Party timely seeks a protective order, the Party
served with the subpoena or court order shall not produce any information
designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
PROSECUTION BAR" before a determination by the court from which the
subpoena or order issued, unless the Party has obtained the Designating
Party's permission. The Designating Party shall bear the burden and
expense of seeking protection in that court of its confidential material – and
nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to attempt to protect its confidentiality interests in the court from which the subpoena or order issued.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR." Such information produced by Non- Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is

27

subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the
Protective Order in this litigation, the relevant discovery
request(s), and a reasonably specific description of the
information requested; and

(3)    make the information requested available for inspection
by the Non- Party.

(c)    If the Non-Party fails to object or seek a protective order from this
Court within 14 days of receiving the notice and accompanying information,
the Receiving Party may produce the Non-Party's confidential information
responsive to  the discovery request. If the Non-Party timely seeks a
protective order, the Receiving Party shall not produce any information in its
possession or control that is subject to the confidentiality agreement with the
Non-Party before a determination by the court.

The purpose of this provision is to alert the interested Parties to the
existence of confidentiality rights of a Non-Party and to afford the Non-Party
an opportunity to protect its confidentiality interests in this court.  Absent a
court order to the contrary, the Non-Party shall bear the burden and expense
of seeking protection in this Court of its Protected Material.

12.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may

29

incorporate their agreement in a stipulated protective order submitted to the Court.

14. <u>MISCELLANEOUS</u>

14.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any Party or person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections.</u> No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Export Control.</u> Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4 <u>Filing Protected Material.</u>

This Order does not, by itself, authorize the filing of any document under seal. Any motion, memorandum, document or other paper filed with the Court

is presumptively a public document. Any party wishing to file any Protected Material in connection with a motion, brief, or other submission to the Court must comply with Local Rule 6.1. If necessary, the Parties can seek temporary relief from the court permitting a document to be filed under seal subject to a final determination as to whether the document may remain under seal. Should the Court allow Protected Material to be filed with the Court under seal, the Protected Material shall remain under seal until further order of the Court. The filing party shall place the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Protective Order. The ultimate disposition of protected materials subject to a final order of the Court on the completion of the litigation.

15.  FINAL DISPOSITION

(a)  **Order Remains in Effect.** All provisions of this Order restricting the use of Protected Material shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

(b)  **Return or Destruction of Protected Material.** Within thirty (30) days after Final Disposition of this action, as defined in paragraph 4, all Protected Material under this Order shall be returned to the producing Party

unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the Receiving Party, that Party elects destruction. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. To "destroy" electronically stored information means to delete from all of the Receiving Party's databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a digital forensic expert.

Notwithstanding the above requirements to return or destroy all Protected Material, Counsel may retain attorney work product including an index which refers or relates to Protected Material so long as that work product does not duplicate verbatim substantial portions of the text of Protected Material. This work product continues to be subject to the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the Protected Material.

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District

Court for the Western District of North Carolina, Asheville Division on

_____ [date] in the case of Nexus Technologies et. al v. Unlimited

Power, Case No: 1:19-cv-00009-MR. I agree to comply with and to be bound

by all the terms of this Protective Order, and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the

nature of contempt of court. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Western District of North Carolina, Asheville Division for the

purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name],

of _____ [print or type full address

33

and telephone number] as my North Carolina agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature:_____
              [signature]

**IT IS SO ORDERED.** Signed: September 23, 2020

Martin Reidinger
Chief United States District Judge