# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00009-MR

| | |
|---|---|
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI, and BENJAMIN BOMER, <br><br> Plaintiffs, <br><br> vs. <br><br> UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, <br><br> Defendants, <br><br>_____ <br><br> UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, <br><br> Counterclaim-Plaintiffs, <br><br> vs. <br><br> NEXUS TECHNOLOGIES, INC., DANIEL CONTI, BENJAMIN BOMER, and EDWARD PRATHER, <br><br> Counterclaim-Defendants. <br> _____ | **MEMORANDUM OF DECISION** |

**THIS MATTER** is before the Court on the parties' Joint Motion for Entry of Consent Protective Order [Doc. 31].

## I. BACKGROUND

On April 2, 2019, the Plaintiffs Nexus Technologies, Inc. ("Nexus"), Daniel Conti ("Conti"), and Benjamin Bomer ("Bomer" and collectively the "Plaintiffs") filed this civil action against the Defendants Unlimited Power, Ltd., ("Unlimited Power") and Christopher J. Petrella ("Petrella" and collectively the "Defendants") for patent infringement pursuant to 35 U.S.C. § 271. [Doc. 1].[1]

On April 23, 2020, the parties filed the present Joint Consent Motion for Protective Order. [Doc. 31]. In that Motion, the parties jointly moved for the entry of a protective order under Federal Rule of Civil Procedure 26(c). [Id.]. The parties included a patent prosecution bar[2] in their proposed protective order, which states that:

> During the pendency of this case, including any appeals, and for two years after its conclusion, any recipient of "HIGHLY CONFIDENTIAL -- PROSECUTION BAR" information, documents and/or other materials shall not participate in, aide in, advise, or counsel the drafting of the disclosure

---

[1] The Defendants later filed counterclaims against Nexus, Conti, Bomer, and Edward Prather ("Prather") for: (1) negligent misrepresentation, (2) breach of contract, (3) unjust enrichment/quantum meruit, (4) conversion, (5) constructive fraud, (6) unfair and deceptive trade practices, and (7) civil conspiracy. [Doc. 16].

[2] A patent prosecution bar "restricts the patent-related activities of an individual who receives confidential information from a party during litigation, or limits the receipt of such information if the individual has already engaged in certain activities." Univ. of Va. Patent Found. v. Gen. Elec. Co., No. 3:14-CV-00051, 2016 WL 379813, at *1 n.1 (W.D. Va. Jan. 29, 2016).

> (written description or drawings) or claim language in connection with the preparation, filing, and/or prosecution of a patent application in any country concerning portable renewable energy systems or otherwise [sic] the non-public, technical product features, information and/or other things disclosed in the materials or documents designated "HIGHLY CONFIDENTIAL – PROSECUTION BAR[.]

[Doc. 31-1 at 18-19]. The prosecution bar applies to

> extremely sensitive 'Confidential Information or Items' representing computer code and associated comments and revision histories, formulas, engineering specifications, schematics, CAD documents, or other technical information that define or otherwise describe the technical design and operation of the Parties' respective portable renewable energy systems, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

[Id. at 3-4].

On April 29, 2020, the Court entered an Order directing the parties to submit supplemental briefs on three issues. [Doc. 34]. First, the parties were directed to address whether the information that will trigger the prosecution bar is relevant to the preparation and prosecution of patent applications before the PTO and whether the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. [Id. at 2-4]. Second, the parties were directed to address

3

whether North Carolina Rule of Professional Conduct 5.6 prohibits the proposed prosecution bar. [Id. at 4]. Finally, the parties were directed to address whether they had any objections to the Court's proposed modifications to the proposed protective order. [Id.].

On May 13, 2020 the Plaintiffs filed their supplemental brief, [Doc. 35], which referenced and incorporated the positions that Nexus, Conti, and Prather took in a brief regarding an identical order from the Court in a related case. [RavenSafe, LLC, v. Nexus Technologies, Inc. et al., 1:19-cv-00105-MR (W.D.N.C. 2019) at Doc. 39]. That brief argues that the information subject to the proposed prosecution bar is relevant to the preparation and prosecution of patents before the PTO; that the scope and subject-matter covered by the proposed prosecution bar is reasonable; and that the proposed prosecution bar does not violate North Carolina Rule of Professional Conduct 5.6. [Id. at 5-12]. That brief also states that the Plaintiffs agree with the Court's proposed modifications to the proposed protective order. [Id. at 5].

On May 13, 2020, the Defendants filed their supplemental brief. [Doc. 36]. In that brief, the Defendants state that they no longer believe the protective order should include a prosecution bar. [Id. at 1-2]. The Defendants also state that if the Court finds that a prosecution bar is

necessary, it should not use the "overly-broad language" from the proposed protective order because doing so would violate North Carolina Rule of Professional Conduct 5.6. [Id. at 2-4]. The Defendants further state that they have no issue with the Court's proposed modifications to the protective order. [Id. at 1].[3]

## II. STANDARD OF REVIEW

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order to protect a party's trade secrets or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(1)(G). To obtain a protective order to protect confidential information, "[t]he proponent must show that the information is confidential and that its disclosure would create a risk of harm to the party's interests," as well as that the risk of harm from disclosure outweighs the harm of restricting discovery. Biazari v. DB Indus., LLC, No. 5:16-CV-49, 2017 WL 1498122, at *2 (W.D. Va. Apr. 26, 2017). Technical information in patent cases is ordinarily entitled to "a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser

---

[3] On May 15, 2020, the Plaintiffs filed a "Response to Defendants' Supplemental Brief in Support of Protective Order." [Doc. 37]. The Court's Order directing the parties to file supplemental briefing did not allow for responses. [Doc. 34]. As such, the Court has not considered the Plaintiffs' May 15, 2020 filing for the purposes of this Order.

5

of scientific information." Valencell, Inc. v. Apple, Inc., No. 5:16-CV-1-D, 2016 WL 7217635, at *2 (E.D.N.C. Dec. 12, 2016) (quotation omitted).  A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied.  Smith v. United Salt Co., No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).  Whether to grant or deny a motion for a protective order is generally left within the district court's broad discretion.  Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

### A. Protective Order

The parties agree that a protective order is appropriate to protect confidential, proprietary, or private information that may be subject to discovery in this case.  [Doc. 31 at 1-2].  They further agree on a process for designating such protected information, how that information can be used, and a process for challenging confidentiality designations before the Court.  [Doc. 31-1].  As such, the Court finds good cause for the entry of a protective order in this case.  See In re Deutsche Bank Trust Co. Ams., 605 F.3d 1373, 1378 (Fed. Cir. 2010) (noting that protective orders "specifying that designated confidential information may be used only for purposes of the current litigation . . . are generally accepted as an effective way of protecting

6

sensitive information while granting trial counsel limited access to it for purposes of the litigation.").

## B. Prosecution Bar

Nevertheless, the parties now disagree as to whether the protective order should include a prosecution bar. The Defendants argue that prosecution bars are generally unnecessary because patent applicants are already prevented from filing applications for subject matter they did not invent. [Doc. 36 at 2]. The Defendants further argue that the prosecution bar in the proposed protective order would violate North Carolina Rule of Professional Conduct 5.6 by restricting the post-litigation employment of a lawyer. [Id at 3].

The Plaintiffs argue that a prosecution bar is appropriate here because Douglas Kim is representing the Defendants in this litigation while also serving as the lead patent prosecution counsel for RavenSafe before the PTO. [RavenSafe, LLC, v. Nexus Technologies, Inc. et al., 19-cv-00105-MR (W.D.N.C. 2019) at Doc. 39 at 6]. The Plaintiffs further argue that the Defendants are incorrect that prosecution bars are generally unnecessary because attorneys may "amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the

prosecution of a patent application." [Id. at 4 (quoting Kingsdown Med. Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 874 (Fed. Cir. 1988))].

"On a showing of good cause and in appropriate circumstances, the court can impose a patent prosecution bar to preclude those who view the confidential information from participating in proceedings before the PTO." Fontem Ventures B.V. v. R.J. Reynolds Vapor Co., No. 1:16-CV-1255, 2017 WL 2266868, at *3 (M.D.N.C. May 23, 2017) (citing Deutsche, 605 F.3d at 1378-79). "The party seeking the protection of a prosecution bar bears the burden of demonstrating good cause to impose the restriction[,]" Id. at *3, and "must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." Deutsche, 605 F.3d at 1381. A party seeking an exemption from a patent prosecution bar must

> show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

8

Id.

### 1. Burden for Imposing Prosecution Bar and Exemptions

District courts are split on how to apply the moving party's initial burden under this test. Front Row Techs., LLC. v. NBA Media Ventures, LLC, 125 F. Supp. 3d 1260, 1277 (D.N.M. 2015). A majority require the movant to show that the bar reasonably reflects the risk of inadvertent disclosure of proprietary competitive information and that the bar as applied to specific counsel will prevent the risk of inadvertent disclosure. Id. (citing, e.g., NeXedge, LLC v. Freescale Semiconductor, Inc., 820 F. Supp. 2d 1040, 1043 (D. Ariz. 2011)). A minority require the movant to show only that a patent prosecution bar is reasonable, before shifting the burden to the party seeking an exemption from the proposed prosecution bar to demonstrate that the specific counsel's role will not likely implicate competitive decisionmaking and that the potential injury from the restrictions imposed on its choice of counsel outweighs the other party's potential injury resulting from its inadvertent use of protected information. Id. at 1278 (citing, e.g., Eon Corp. IP Holdings, LLC v. AT&T Mobility LLC, 881 F. Supp. 2d 254, 257 (D.P.R. 2012)).

As the District of New Mexico explained in Front Row, the minority approach is more consistent with the test laid out in Deutsche than the

majority approach. Applying the majority approach would require the Plaintiffs to prove that the Defendants' counsel is a competitive decisionmaker. The Plaintiffs, however, are "unlikely to have the benefit of any discovery" and "[i]t is difficult for a party without any information on opposing counsel beyond their website biographies to demonstrate, on a 'counsel-by-counsel basis, that the opposing counsel engage in competitive decisionmaking.'" Front Row Techs., 125 F. Supp. 3d 1260, 1288 (D.N.M. 2015) (citing Eon Corp. IP Holdings, 881 F. Supp. 2d at 25). Because the Defendants possess the relevant facts regarding their counsel's status, it should have the burden of showing that its counsel are not competitive decisionmakers. Id. ("The courts should place the burden to produce this information on the party that possesses it.").

Moreover, the majority rule is inconsistent with the test in Deutsche because it would force the Court to "complete the same competitive decisionmaking inquiry twice." Id. at 1287. The Court would first, "as a threshold matter, evaluate each counsel's involvement in competitive decisionmaking." Id. The Court "would then have to apply the same analysis to the same attorneys if the nonmovant were to request an exemption from the protective order." Id. As such, under the majority rule "there would be no need for an exemption procedure." Id. at 1287-88 (citing Eon Corp. IP

10

Holdings, 881 F.Supp.2d at 256–57). The Federal Circuit, however, specifically fashioned an exemption procedure in Deutsche. 605 F.3d at 1381. As such, the Court finds that that the minority approach is more consistent with the test laid out by the Federal Circuit in Deutsche and will apply that approach here. Accordingly, the Plaintiffs must show only that a patent prosecution bar is reasonable under the circumstances present here before the burden shifts to the Defendants to show that an exemption to the prosecution bar is appropriate.

### 2. Plaintiffs' Request for a Prosecution Bar

Under Deutsche, the Plaintiffs must first show that the information designated to trigger the bar is relevant to the preparation and prosecution of patent applications. 605 F.3d at 1381. Here, the information that will trigger the bar is "extremely sensitive 'Confidential Information or Items' representing computer code and associated comments and revision histories, formulas, engineering specifications, schematics, CAD documents, or other technical information that define or otherwise describe the technical design and operation of the Parties' respective portable renewable energy systems." [Doc. 31-1 at 3-4]. That kind of information is the kind of proprietary and confidential information that is often at issue in

11

patent prosecutions.  As such, the information designated to trigger the bar is relevant to the preparation and prosecution of patent applications.

Second, the Plaintiffs must show that the information that will trigger the prosecution bar is reasonably related to the risk presented by the disclosure of proprietary competitive information.  Deutsche, 605 F.3d at 1381.  The prosecution bar applies solely to patent prosecution related to portable renewable energy systems, which limits the most harmful risks of disclosure while still allowing other activities.  Moreover, "[i]n contrast with financial data or business information, confidential technical information, including source code, is clearly relevant to a patent application and thus may pose a heightened risk of inadvertent disclosure."  See Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc., No. C-09-02180 SBA DMR, 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011) (citing Deutsche, 605 F.3d at 1381).  As such, the prosecution bar reasonably reflects the risk presented by the disclosure of proprietary competitive information.

Third, the Plaintiffs must show that the duration of the prosecution bar reasonably reflects the risk presented by the disclosure of proprietary competitive information.  Deutsche, 605 F.3d at 1381.  "Courts routinely hold that prosecution bars with two-year durations are reasonable."  Front Row Techs., LLC v. NBA Media Ventures, LLC, 125 F. Supp. 3d 1260, 1283

(D.N.M. 2015); see also Applied Signal Tech., 2011 WL 197811, at *2; Ameranth, Inc. v. Pizza Hut, Inc., No. 3:11-CV-01810-JLS, 2012 WL 528248, at *2 (S.D. Cal. Feb. 17, 2012); Kelora Sys., LLC v. Target Corp., No. C 10-04947 CW LB, 2011 WL 6000759, at *3 (N.D. Cal. Aug. 29, 2011); Telebuyer, LLC v. Amazon.com, Inc., No. 13-CV-1677, 2014 WL 5804334, at *7 (W.D. Wash. July 7, 2014). Moreover, the parties previously agreed that two years was a reasonable duration and the Defendants do not now argue that two years is an unreasonable period. As such, the duration "reasonably reflect[s] the risk presented by the disclosure of proprietary competitive information." Deutsche, 605 F.3d at 1381.

Finally, the Plaintiffs must show that the subject matter covered by the prosecution bar reasonably reflects the risk presented by the disclosure of proprietary competitive information. Id. The Plaintiffs only seek a prosecution bar regarding access to "highly sensitive technical and design information pertaining to portable renewable energy systems" that is "directly related to RavenSafe's pending patent application for a 'portable renewable energy system,' as well as continuation applications that may stem from same." [RavenSafe, LLC, v. Nexus Technologies, Inc. et al., 19-cv-00105-MR (W.D.N.C. 2019) at Doc. 39 at 3]. The patent prosecution before the PTO implicates this subject matter. Moreover, the prosecution bar

13

reasonably reflects the risk of disclosure because it does not involve other irrelevant information like confidential financial, sales, or marketing information. As such, the subject matter covered by the prosecution bar reasonably reflects the risk presented by the disclosure of proprietary competitive information.

Because the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information, the Court finds good cause for the imposition of a prosecution bar here. See Deutsche, 605 F.3d at 1381.

### 3. Defendants' Request for an Exemption

To obtain an exemption from the prosecution bar, the Defendants must show that their specific counsel's role will not likely implicate competitive decisionmaking and that their potential injury from the restrictions imposed on their choice of counsel outweigh the Plaintiffs' potential injury resulting from the inadvertent use of protected information. Id. The Defendants, however, have not provided the Court with an affidavit, declaration, or any other form of evidence related to the proposed protective order or the proposed prosecution bar. Therefore, the Court has no evidentiary basis to determine the relationship between the Defendants' attorneys and

RavenSafe, the scope of those attorneys' representation of RavenSafe, who those attorneys advise or consult with at RavenSafe, or any other grounds by which the Court could gauge the risk of inadvertent disclosure of confidential information. Without such evidence, the Defendants have not shown that their attorneys are not involved in competitive decisionmaking or that an exemption from the prosecution bar should be granted. Intellect Wireless, Inc. v. T–Mobile USA, Inc., No. 08C1215, 2010 WL 1912250, at *2 (N.D. Ill. May 12, 2010). As such, the Court will not exempt any of the Defendants' attorneys from the prosecution bar.

Lastly, the Court concludes that in light of Defendants' counsel's resistance to the imposition of the prosecution bar, and based on the good faith arguments presented by the Defendants, that the actions of Defendants' counsel do not run afoul of Rule 5.6 of the North Carolina Rules of Professional Responsibility. In addition, the Court concludes that the prosecution bar as set forth in the accompanying protective order is the least restrictive means for accomplishing the objectives allowing this case to proceed in a fair and expeditious manner.

For these reasons, the Court will enter the protective order with a prosecution bar and the Court's proposed modifications. SmithKline Beecham Corp. v. Synthon Pharms., Ltd., 210 F.R.D. 163, 166 (M.D.N.C.

2002). (stating that "[c]ourts have the inherent power to modify protective orders, including protective orders arising from a stipulation by the parties.").

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion for Entry of Consent Protective Order [Doc. 31] is **GRANTED** and the Court hereby enters a protective order contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: September 23, 2020

Martin Reidinger
Chief United States District Judge