IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00009-MR

| | |
|---|---|
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI, and BENJAMIN BOMER, <br><br>   Plaintiffs, <br><br> vs. <br><br> UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, <br><br>   Defendants, <br>_____<br><br> UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, <br><br>   Counterclaim-Plaintiffs, <br><br> vs. <br><br> NEXUS TECHNOLOGIES, INC., DANIEL CONTI, BENJAMIN BOMER, and EDWARD PRATHER, <br><br>   Counterclaim-Defendants. <br>_____ | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Counterclaim-Plaintiffs' Motion to Strike Counterclaim-Defendants' New Affirmative Defenses. [Doc. 41].

## I. BACKGROUND

On January 9, 2019, Nexus Technologies, Inc. ("NTI"), Daniel Conti ("Conti"), and Benjamin Bomer ("Bomer") filed this civil action against Unlimited Power Ltd. ("UPL") and Christopher J. Petrella ("Petrella") (collectively "Unlimited Power") to correct inventorship of patents. [Doc. 1].

On July 12, 2019, Unlimited Power filed an answer, asserting counterclaims against NTI, Conti, Bomer, and Edward Prather ("Prather") (collectively "Nexus") for (1) negligent misrepresentation; (2) breach of contract; (3) unjust enrichment/quantum meruit; (4) conversion; (5) constructive fraud; (6) unfair and deceptive trade practices; and (7) civil conspiracy. [Doc. 15]. On July 14, 2019, Unlimited Power filed an amended answer asserting the same counterclaims. [Doc. 16].

On August 5, 2019, Nexus sought dismissal of those counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 17]. On October 7, 2019, the Court granted the motion with regard to the claims for negligent misrepresentation, constructive fraud, and civil conspiracy and denied the motion with regard to the claims for breach of contract, unjust enrichment, conversion, and unfair and deceptive trade practices. [Doc. 20].

On October 21, 2019, Nexus filed an amended answer to Unlimited Power's counterclaims, asserting seven affirmative defenses. [Doc. 22]. On

2

July 29, 2020, Nexus filed a second amended answer, adding affirmative defenses based on failure to mitigate, the statute of limitations, and the statute of frauds. [Doc. 38]. Nexus stated that it had written consent from Unlimited Power to file the new affirmative defenses. [Id. at 1]. Nexus agreed to an extension of the discovery and dispositive motions deadline in exchange for Unlimited Power consenting to the addition of the three new affirmative defenses. [Doc. 43-1 at 2].

On August 12, 2020, Unlimited Power filed a Motion to Strike Nexus's new affirmative defenses. [Doc. 41]. On August 26, 2020, Nexus filed a response, including a motion for sanctions "to dissuade Defendants from engaging in similar unwarranted motions practice that wastes the Court's and parties' resources." [Doc. 43 at 17].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . the court may order stricken from any pleading, any insufficient defense." See also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 348 (4th Cir. 2001) ("defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted") (citation omitted). "The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from

3

litigating unnecessary issues." Simaan, Inc. v. BP Products North America, Inc., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005) (citing Buser v. Southern Food Serv., Inc., 73 F.Supp.2d 556, 559 (M.D.N.C. 1999). "Although courts have broad discretion in disposing of motions to strike, such motions 'are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt., 252 F.3d at 347 (internal quotation marks and citations omitted in original). "Courts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant." Lockheed Martin Corp. v. United States, 973 F. Supp. 2d 591, 592 (D. Md. 2013).

### III. DISCUSSION

Unlimited Power argues that the Court should strike Nexus's mitigation defense as insufficient because it does not include any factual support. [Doc. 41 at 4]. Unlimited Power further argues that the defenses based on the statute of limitations and the statute of frauds do not apply here. [Id. at 4-8].

#### A. Mitigation of Damages

Unlimited Power asserts that Nexus's mitigation defense fails to satisfy the pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544

4

(2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which require sufficient factual allegations to suggest the required elements of a cause of action. Neither the Supreme Court nor the Fourth Circuit has decided whether Twombly or Iqbal applies to affirmative defenses. Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc., 888 F.3d 696, 700 n.5 (4th Cir. 2018) (noting that the question "continues to divide courts," but ultimately declining to resolve it). The federal district courts that have considered this question have reached differing conclusions. See Lopez v. Asmar's Mediterranean Food, Inc., No. 1:10-cv-01218, 2011 WL 98573, at *1 n.3, n.4 (E.D. Va. Jan. 10, 2011) (collecting cases). This Court, however, has consistently held that Twombly and Iqbal's heightened pleading standards do not apply to affirmative defenses. Sedgewick Homes, LLC v. Stillwater Homes, Inc., No. 5:16-cv-0049-RLV-DCK, 2016 WL 4499313, at *2 (W.D.N.C. Aug. 25, 2016) (Voorhees, J.); Narbona v. Micron Precision LLC, No. 3:14-cv-00060-MOC, 2014 WL 1875038, at *1 (W.D.N.C. May 9, 2014) (Cogburn, J.); Viper Publ'g, LLC v. Bailey, No. 3:17-cv-00314-GCM, 2018 WL 3114536, at *5 (W.D.N.C. June 25, 2018) (Mullen, J.); Arora v. Daniels, No. 3:17-cv-00134-GCM, 2018 WL 1597705, at *14 (W.D.N.C. Apr. 2, 2018) (Mullen, J.). Because the heightened pleading standards do not apply to affirmative defenses, the Court concludes that Nexus's defense

based on mitigation of damages is sufficient at this stage to survive Unlimited Power's motion to strike.

### B. Statute of Limitations and Statute of Frauds

Although Iqbal and Twombly do not apply to Unlimited Power's counterclaims, the Court may strike those counterclaims if they could not "constitute a valid defense to the action." Arora, 2018 WL 1597705, at *14 (citing Waste Mgmt., 252 F.3d at 347). Unlimited Power argues that Nexus's statute of limitations defense is invalid because Nexus has restarted the statute of limitations by continuing to breach the agreement. [Doc. 41 at 4].

In North Carolina, the statute of limitations for bringing a cause of action for breach of contract is three years. N.C. Gen. Stat. § 1–52(1); Housecalls Home Health Care, Inc. v. Dep't of Health and Human Servs., 200 N.C. App. 66, 70, 682 S.E.2d 741, 744 (2009). When ascertaining the accrual of a cause of action under North Carolina law, the general rule is that as soon as "the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete." Mast v. Sapp, 140 N.C. 533, 540, 53 S.E. 350, 352 (1906). As such, "for a breach of contract action, the claim accrues upon breach." Miller v. Randolph, 124 N.C. App. 779, 781, 478 S.E.2d 668, 670 (1996).

Based on the evidence submitted by Unlimited Power in opposition to the motion to strike, the timing of the alleged breach (or any continuing breaches) is unclear. [Doc. 43-3 at 9-12]. As such, it is unclear if Nexus will ultimately be successful in raising a statute of limitations defense to Unlimited Power's claims. Accordingly, the Court will not strike Nexus's statute of limitations defense at this time. Arora, 2018 WL 1597705, at *14 (citing Waste Mgmt., 252 F.3d at 347).

Unlimited Power further argues that Nexus's statute of frauds defense is not valid because the contract at issue here does not involve the subjects listed in N.C. Gen. Stat. § 22 *et seq.* [Doc. 41 at 7]. Unlimited Power fails to recognize, however, that N.C. Gen Stat. § 25-2-201 "requires contracts for the sale of goods over $500 to be in writing." Thermal Design, Inc. v. M&M Builders, Inc., 698 S.E.2d 516, 207 N.C. App. 79, 86 (2010) (citing N.C. Gen. Stat. § 25-2-201). That appears to apply to the contract in this case, which was a verbal agreement to "manufacture portable renewable energy systems" that were worth over $100,000. [Doc. 43 at 11]. Accordingly, the Court will not strike Nexus's statute of frauds defense because it could constitute a valid defense to one of Unlimited Power's counterclaims. Arora, 2018 WL 1597705, at *14 (citing Waste Mgmt., 252 F.3d at 347).

## C. Request for Sanctions

In their response to Unlimited Power's Motion, Nexus asks the Court to impose sanctions against Unlimited Power pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, arguing that Unlimited Power filed the present motion in bad faith by contravening an agreement between counsel. This request for sanctions by Nexus, however, is in contravention of the Court's Local Rules, which prohibit the inclusion of requests for affirmative relief in responsive pleadings. See LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading."). Because the request for sanctions is not properly before this Court, there is no motion for this Court to rule upon. Nevertheless, the Court will address Nexus's request for the sake of thoroughness.

Under 28 U.S.C. § 1927, a court may assess attorney's fees against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." Previously, courts have determined an attorney's conduct is "unreasonable and vexatious" when the attorney knowingly files claims without merit. Sweetland v. Bank of Am. Corp., 241 F. App'x 92, 97 (4th Cir. 2007); see also Salvin v. Am. Nat'l Ins. Co., 281 F. App'x 222, 226 (4th Cir. 2008). A "finding of counsel's bad faith" also is "a precondition to the imposition of fees" under 28 U.S.C. § 1927. Brubaker v. City of Richmond,

8

943 F.2d 1363, 1382 n.25 (4th Cir. 1991) (citing Blair v. Shenandoah Women's Center, Inc., 757 F.2d 1435, 1438 (4th Cir. 1985)).

In addition to the sanction authority conferred by the federal rules and 28 U.S.C. § 1927, federal courts have the inherent authority to discipline attorneys who appear before it for a full range of litigation abuses. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Cargill, Inc. v. WDS, Inc., No. 3:16-cv-00848, 2018 WL 3614040, at *10-11 (W.D.N.C. July 27, 2018) (Whitney, C.J.). Whether to award sanctions under 28 U.S.C. § 1927, or a court's inherent authority is within the district court's sound discretion. Six v. Generations Fed. Credit Union, 891 F.3d 508, 518-19 (4th Cir. 2018); Hunt v. Branch Banking & Tr. Co., 480 F. App'x 730, 732 (4th Cir. 2012).

While Unlimited Power originally consented to Nexus filing new affirmative defenses, that agreement between the parties did not address the question of the sufficiency of those defenses as they were ultimately pled. Moreover, although this Court has consistently held that the pleading standards of Iqbal and Twombly do not apply to affirmative defenses, other district courts have held that those standards apply to affirmative defenses. As such, Unlimited Power had a colorable argument that Nexus's affirmative defenses were insufficient. See Sweetland, 241 F. App'x at 97; see also Salvin, 281 F. App'x at 226. Based on the foregoing, the Court finds that the

record before the Court is insufficient to show that Unlimited Power acted in bad faith or unreasonably and vexatiously by bringing the motion to strike Nexus's affirmative defenses. Accordingly, Nexus's request for sanctions will be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Unlimited Power's Motion to Strike Nexus's New Affirmative Defenses [Doc. 41] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Nexus's request for sanctions [Doc. 43] is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: September 23, 2020

Martin Reidinger
Chief United States District Judge