# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:19-cv-00009-MR

| | |
|---|---|
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI, and BENJAMIN BOMER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, | ) ) ) |
| Defendants, | ) ) |
| _____ | ) ) |
| UNLIMITED POWER, LTD., and CHRISTOPHER J. PETRELLA, | ) ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| vs. | ) ) |
| NEXUS TECHNOLOGIES, INC., DANIEL CONTI, BENJAMIN BOMER, and EDWARD PRATHER, | ) ) ) ) |
| Counterclaim-Defendants. | ) ) |
| _____ | ) |

**J U D G M E N T**

**THIS MATTER** came for trial and was heard by the undersigned judge,

and a jury was empaneled and answered the issues presented as follows:

1.	Was Plaintiff Conti an inventor of the device described in the '903 Patent?

>	Answer: YES

2.	Was Plaintiff Conti the sole inventor of the device described in the '903 Patent?

>	Answer: YES

3.	Was Plaintiff Conti an inventor of the device described in the '213 Patent?

>	Answer: YES

4.	Was Plaintiff Conti the sole inventor of the device described in the '213 Patent?

>	Answer: YES

5.	Was Plaintiff Bomer an inventor of the images contained in the '816 Patent?

>	Answer: YES

6.	Was Plaintiff Bomer the sole inventor of the images contained in the '816 Patent?

>	Answer: YES

7.  Was Plaintiff Bomer an inventor of the images contained in the '030 Patent?

> Answer: YES

8.  Was Plaintiff Bomer the sole inventor of the images contained in the '030 Patent?

> Answer: YES

9.  Did Defendants Unlimited Power Ltd. and/or Petrella:

   A.  Convince Plaintiffs to develop and disclose to Defendants ideas pertaining to an improved portable renewable energy system ("PREPS") under the auspices that Defendants would then hire Plaintiffs and pay them to design and manufacture an improved PREPS for Defendants?

   > As to Defendant Petrella: YES

   > As to Defendant Unlimited Power: YES

3

B.  Did Defendants Unlimited Power Ltd. and/or Petrella surreptitiously file patent applications embodying Plaintiffs' ideas for an improved PREPS, naming Petrella as the sole inventor?

    As to Defendant Petrella: YES

    As to Defendant Unlimited Power: YES

C.  Did Defendants Unlimited Power Ltd. and/or Petrella aid Ravensafe in suing Plaintiffs for infringing the patents?

    As to Defendant Petrella: YES

    As to Defendant Unlimited Power: YES

D.  Did Defendants Unlimited Power Ltd. and/or Petrella use the patents as leverage to dissuade potential investors and customers from doing business with Plaintiff Nexus Technologies, Inc.?

    As to Defendant Petrella: YES

    As to Defendant Unlimited Power: YES

4

10.    Was the conduct of Defendants Unlimited Power and/or Petrella you found in answering Issue 9 above engaged in by Defendants Unlimited Power and/or Petrella in commerce or did it affect commerce?

Answer: YES

11.    Was such conduct of Defendants Unlimited Power and/or Petrella a proximate cause of any injury to Plaintiffs?

Answer: YES

12.    What amount of damages have Plaintiffs sustained as a result of Defendants' conduct?

Answer: $10,650,000

Based on the foregoing facts as found by the jury, the Court concludes as a matter of law that Daniel Conti is the sole inventor of U.S. Patent Nos. 9,865,903 (the '903 Patent) and 10,084,213 (the '213 Patent); Benjamin Bomer is the sole inventor of U.S. Patent Nos. D807,816 (the '816 Patent), and D815,030 (the '030 Patent); and the conduct found by the jury in issues 9(a), 9(b), 9(c), and 9(d) constitutes unfair and deceptive trade practices within the prohibitions of N.C. Gen. Stat. § 75-1.1, et seq. ("Chapter 75").

Upon the close of the Defendants/Counterclaim Plaintiffs' evidence, the Plaintiffs/Counterclaim Defendants made an oral motion for judgment as

a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure with respect to the counterclaim asserted by Christopher J. Petrella and Unlimited Power Ltd. against Nexus Technologies, Inc., Daniel Conti, and Edward Prather for unfair and deceptive trade practices under Chapter 75. The Court concludes that Nexus Technologies, Inc., Daniel Conti, and Edward Prather are entitled to judgment as a matter of law with respect to the Defendants/Counterclaim Plaintiffs' Chapter 75 counterclaim because the Defendants/Counterclaim Plaintiffs presented an insufficient evidentiary basis from which a reasonable jury could find that the Plaintiffs/Counterclaim Defendants engaged in bad faith negotiations regarding a potential merger or joint venture between Nexus and Unlimited Power and stall those negotiations for the purpose of developing their own PREPS and beating Unlimited Power to market. That counterclaim is therefore dismissed.

The Court previously entered an Order granting summary judgment in favor of the Plaintiffs/Counterclaim Defendants on the Defendants/Counterclaim Plaintiffs' counterclaims for breach of contract, unjust enrichment, and conversion. The Court's prior Order also granted summary judgment in favor of Benjamin Bomer on the Defendants/Counterclaim Plaintiffs' counterclaim against him for unfair and deceptive trade practices under Chapter 75.

6

The Court previously entered an Order granting dismissal in favor of the Plaintiffs/Counterclaim Defendants on the Defendants/Counterclaim Plaintiffs' counterclaims for negligent misrepresentation, constructive fraud, and civil conspiracy against Nexus Technologies, Inc., Daniel Conti, Benjamin Bomer, and Edward Prather.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the inventorship of U.S. Patent No. 9,865,903 and U.S. Patent No. 10,084,213 is hereby corrected to reflect that Daniel Conti is the sole inventor of U.S. Patent No. 9,865,903 and U.S. Patent No. 10,084,213.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the inventorship of U.S. Patent No. D807,816 and U.S. Patent No. D815,030 is hereby corrected to reflect that Benjamin Bomer is the sole inventor of U.S. Patent No. D807,816 and U.S. Patent No. D815,030.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendant Christopher J. Petrella is not an inventor of U.S. Patent No. 9,865,903, U.S. Patent No. 10,084,213, U.S. Patent No. D807,816, and U.S. Patent No. D815,030, and that the assignees of the Defendant Christopher J. Petrella of such Patents are adjudged to have received nothing by way of such purported assignments.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the jury's award of $10,650,000 for unfair and deceptive trade practices is hereby trebled in accordance with N.C. Gen. Stat. § 75-16.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Nexus Technologies, Inc., Daniel Conti, and Benjamin Bomer shall have and recover of Christopher J. Petrella and Unlimited Power Ltd. jointly and severally the sum of $31,950,000, with prejudgment interest from the date of the filing of the Complaint herein, and Nexus Technologies, Inc., Daniel Conti, and Benjamin Bomer shall recover the costs of this action from Christopher J. Petrella and Unlimited Power Ltd.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' oral motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure is **GRANTED** as to the counterclaim for unfair and deceptive trade practices asserted by Christopher J. Petrella and Unlimited Power Ltd. against Nexus Technologies, Inc., Daniel Conti, and Edward Prather. That counterclaim is hereby **DISMISSED WITH PREJUDICE** and Christopher J. Petrella and Unlimited Power Ltd. shall recover nothing from Nexus Technologies, Inc., Daniel Conti, or Edward Prather in the form of damages or in the form of setoff.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' Motion for Summary Judgment [Doc. 44] is **GRANTED IN PART** as to the counterclaims for breach of contract, unjust enrichment, and conversion asserted by Christopher J. Petrella and Unlimited Power Ltd. against Nexus Technologies, Inc., Daniel Conti, Benjamin Bomer, and Edward Prather. Those counterclaims are hereby **DISMISSED WITH PREJUDICE** and Christopher J. Petrella and Unlimited Power Ltd. shall recover nothing from Nexus Technologies, Inc., Daniel Conti, Benjamin Bomer, and Edward Prather in the form of damages or in the form of setoff on these counterclaims.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' Motion for Summary Judgment [Doc. 44] is **GRANTED IN PART** as to counterclaims for unfair and deceptive trade practices asserted by Christopher J. Petrella and Unlimited Power Ltd against Benjamin Bomer. That counterclaim is hereby **DISMISSED WITH PREJUDICE** and Christopher J. Petrella and Unlimited Power Ltd. shall recover nothing from Benjamin Bomer in the form of damages or in the form of setoff on that counterclaim.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' Motion to Dismiss for Failure to State a Claim [Doc. 17] is

9

**GRANTED IN PART** as to the counterclaims for negligent misrepresentation, constructive fraud, and civil conspiracy asserted by Christopher J. Petrella and Unlimited Power Ltd. against Nexus Technologies, Inc., Daniel Conti, Benjamin Bomer, and Edward Prather Those counterclaims are hereby **DISMISSED WITH PREJUDICE** and Christopher J. Petrella and Unlimited Power Ltd. shall recover nothing from Nexus Technologies, Inc., Daniel Conti, Benjamin Bomer, and Edward Prather in the form of damages or in the form of setoff on those counterclaims.

The Court retains jurisdiction of this matter for the purpose of addressing any motion for attorney's fees that may be filed by Nexus Technologies, Inc., Daniel Conti, Benjamin Bomer, and Edward Prather.

**IT IS SO ORDERED.**      Signed: March 29, 2021

Martin Reidinger
Chief United States District Judge